# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**JASON L. BANKS**                                                                                                            **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 5:12CV-P197-R**

**STEVE HILAND et al.**                                                           **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Jason L. Banks has filed a motion for a mental health examination (DN 12). He requests that the Court order that he be sent to the Kentucky State Reformatory and/or the Kentucky Correctional Psychiatric Complex for a 90-day evaluation. As reason, he states that Defendants have a conflict of interest and therefore Plaintiff would like to be seen by a member of the psychiatric and psychological services team elsewhere. In particular, he points to his exhibitionist tendencies, for which he has had over 100 "write ups." He states that because of this "addiction" he is a danger to himself and the women around him. He states that he is due to be released from prison in two years.[1]

The Court construes Plaintiff's motion as a request for a preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The Court must balance these four criteria, with the

---

[1] Plaintiff's motion was filed before initial screening and service on Defendants. Defendants have not filed a response.

degree of proof necessary for each factor depending on the strength of Plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir. 1996). The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n*, 927 F.2d at 903.

This already stringent burden is even more difficult to meet where, as here, Plaintiff seeks an injunction not merely to maintain the status quo pending resolution of the case but to obtain affirmative relief. As the Supreme Court has explained, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (internal quotations and citations omitted). Motions seeking such preliminary injunctive relief most be more closely scrutinized than the already-disfavored motion for preliminary junction which seeks to maintain the status quo. *See id.*; *Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir. 1988). Plaintiff's requested relief would represent all three of these disfavored types of injunctions.

With respect to the likelihood of success factor, Plaintiff need not show that he is sure to prevail on any of his claims. However, he must, at a minimum, show serious questions going to the merits. *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *see also Gaston Drugs, Inc. v. Metro. Life Ins. Co.*, 823 F.2d 984, 988 n.2 (6th Cir. 1987).

Here, Plaintiff has not shown "serious questions going to the merits." The Eighth

Amendment guarantees a prisoner constitutionally adequate medical treatment; it does not provide him with a right to treatment by a doctor of his choosing. *See Mason v. Ciccone*, 531 F.2d 867, 872 (8th Cir. 1976); *Rhinehart v. Scutt*, No. 2:10-CV-10006-DT, 2010 WL 3701788, at *6 (E.D. Mich. Aug. 16, 2010). The attachments to his complaint show that he is receiving, at least some, mental health treatment. For example, he attaches a July 19, 2012, Kentucky Department of Corrections's behavior/mental assessment and a memorandum from Warden White explaining to Plaintiff that mental health staff visit special management units at least monthly.

With respect to the harm factor, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. Here, although Plaintiff refers to possible harm to himself and women around him, he also states that he will not be released from prison for two more years.

In short, the kind of injunctive relief Plaintiff seeks is particularly disfavored. He has not shown the likelihood of success on the merits or irreparable harm. The public interest would not be served by issuing a preliminary injunction, and the issuance of a preliminary injunction would constitute unwarranted federal court interference with the medical care the Commonwealth of Kentucky is currently providing. Therefore,

**IT IS ORDERED** that the motion for a mental health examination (DN 12) is **DENIED**.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4413.009

3