UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-197

JASON L. BANKS,  Plaintiff

v.

STEVE HILAND, *et al*,  Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jason L. Banks's Motion for Summary Judgment. (Docket No. 44). Defendants have responded. (Docket No. 47). The time for Banks to respond has passed. This matter is now ripe for adjudication. For the following reasons, the Court will **DENY** Plaintiff Banks's Motion for Summary Judgment.

## BACKGROUND

Because the Court previously screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed several claims, (Docket No. 15), and granted Defendants' Summary Judgment on several claims, (Docket No. 51), the Court provides only the factual background relevant to Plaintiff's remaining claims. At this stage, the only claims that remain are excessive force claims against Defendants Chad Knight and Harlan Martin.

Plaintiff alleges that on June 5, 2012, while in the outside recreation cage, he was told by a correctional officer (CO) to stop talking with another inmate. (Docket No. 14, at 3). He refused to comply and was then told to back up to the cage to be handcuffed. (*Id.*) Subsequently, other COs arrived, which he contends included Knight and Martin. (*Id.*) Eventually, he backed up to the cage and was placed in handcuffs and leg restraints. (*Id.*) Then, Plaintiff alleges, Knight and Martin "roughly grabbed each of [his] arms and literally dragged [him] across the compound to three cell house with his pants down to his knees exposing his

1

privates and pushing up on Plaintiff's right wrist causing it to bend in unnatural positions causing it to pop and break." (*Id.* at 3-4.) Defendants alleged that Plaintiff was "half-naked in the recreation area masturbating," verbally abusive to staff, and continually refusing orders. (Docket No. 35, at 2). In his Motion, Plaintiff contends that "at no time was [he] willingly exposing himself, nor was he masturbating." (Docket No. 44). While Plaintiff alleges that there were cameras that caught this incident, Defendants supplied a Notice of Compliance informing the court that no such video exists. (Docket No. 53). Finally, Plaintiff alleges that when he got to the entrance door, his "head and left shoulder were repeatedly rammed into the entrance door, walls, strip cages and concrete floor." (Docket No. 14, at 4.)

In his Motion, Plaintiff cites to several cases in which prison personnel were found to have violated the Eighth Amendment. He alleges that he has provided enough factual information to show that prison officials acted with a sufficiently culpable state of mind. (Docket No. 44).

**STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere

scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Only well-pled factual allegations contained in the complaint and amended complaint are considered on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## DISCUSSION

Banks and Defendants provide different versions of events regarding the incident on June 5, 2012. Plaintiff's Motion for Summary Judgment reiterates his factual allegations, but does not show that "there is no genuine dispute as to any material fact" as required for a summary judgment motion. At this stage, the court must draw all reasonable inferences against the

Plaintiff and in favor of the Defendants. Under this standard, the Plaintiff's Motion must be denied.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that:

1) Plaintiff's Motion for Summary Judgment, (Docket No. 44), is **DENIED**.

2) Based upon this Court's Memorandum Opinion and Order (Docket No. 51), the Clerk of Court is **DIRECTED** to terminate as Defendants Randy White, Gingy Grider, Heather Losser, Eric W. Hampton, John Wood, Steve Hiland, and Chanin Hiland.

3) The Court will issue a separate scheduling order.