UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00197-GNS

**JASON L. BANKS**

v.

**CHAD KNIGHT AND
HARLIN MARTIN**

# JURY INSTRUCTIONS

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  I will then explain the elements, or individual parts, of the claims in question.

You have two main duties as a juror.  First, you must decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Second, it is your duty to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendant by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now.  All the instructions are important, and you should consider them together as a whole.

Mr. Banks and the attorney for Mr. Knight and Mr. Martin may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life.

Another part of your job as jurors is to decide the credibility of each witness. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed light on each witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and unaided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

3

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous.  That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

### Introductory Instruction

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Jason L. Banks claims that Defendants Chad Knight and Harlin Martin violated his Eighth Amendment rights while acting under color of state law as an employee of the Kentucky Department of Corrections.

Defendants Chad Knight and Harlin Martin deny violating Banks' rights.

## INSTRUCTION NO. 2

### Elements of a Section 1983 Action

In order to prevail on his section 1983 claims against Defendants Chad Knight and Harlin Martin, Plaintiff Jason L. Banks must prove each of the following elements by a preponderance of the evidence:

1.   That Defendants Chad Knight and Harlin Martin acted under color of law; and

2.   That the acts by Defendant Chad Knight or Defendant Harlin Martin deprived Plaintiff Jason L. Banks of his particular rights under the Constitution of the United States as explained in Instruction No. 3 below.

You are instructed that both Defendants Chad Knight and Harlin Martin acted under color of law in this case.  Therefore, you must only determine whether Plaintiff Jason L. Banks has proved all the additional elements he is required to prove against Defendants Chad Knight and Harlin Martin under Instruction No. 3.

## INSTRUCTION NO. 3

### Particular Right – Eighth Amendment

Plaintiff Jason L. Banks has the burden of proving that one or both Defendants deprived Plaintiff of particular rights under the United States Constitution. In this case, Plaintiff alleges that Defendants deprived him of his rights under the Eighth Amendment.

Under the Eighth Amendment, prisoners are protected from cruel and unusual punishment. In order to prove a violation under the Eighth Amendment, Plaintiff must show that one or both Defendants unnecessarily and wantonly inflicted pain on him. Whether a use of force against an inmate is unnecessary or wanton depends on whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment in this case, Plaintiff must prove each of the following two elements by a preponderance of the evidence:

1.   That one or both Defendants used force against Plaintiff Jason L. Banks maliciously and sadistically for the very purpose of causing harm; and

2.   That Plaintiff Jason L. Banks suffered some harm as a result of one or both Defendants' use of force.

If Plaintiff fails to prove either of these elements, you must find for each or both Defendants.

The first element is to be evaluated by a subjective analysis of each Defendant and his state of mind at the time. To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment

are needed to preserve the internal order and discipline and to maintain internal security in the prison.

Some of the things that you may want to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on Plaintiff include:

1.  the extent of the injury suffered;

2.  the need for the application of force;

3.  the relationship between the need and the amount of force used;

4.  the threat reasonably perceived by the responsible officials; and

5.  any efforts made to temper the severity of a forceful response.

## INSTRUCTION NO. 4

### Definition - "Preponderance of the Evidence"

The term "preponderance of the evidence" is used in these Instructions and deserves additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue in this case has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 5

### Compensatory Damages

If you find in favor of Plaintiff Jason L. Banks, then you may award him such sum as you find will fairly and justly compensate him for any humiliation, pain, suffering, or mental anguish he suffered that were proximately caused by one or both Defendants' allegedly wrongful conduct not to exceed $1,000 against each Defendant. Note, that just because you are receiving an instruction as to damages does not mean that the Court is expressing any opinion as to whether or not one or both Defendants should be held liable in this action.

Should you find that Plaintiff is entitled to compensatory damages, any award you give must be fair compensation—no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 6

### Nominal Damages

If you find in favor of Plaintiff Jason L. Banks, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find that Plaintiff has proved that he suffered actual injuries, you must award compensatory damages as described in Instruction No. 5, rather than nominal damages.

## INSTRUCTION NO. 7

### Punitive Damages

If you find for Plaintiff Jason L. Banks and award him compensatory or nominal damages, and if you are further satisfied by a preponderance of the evidence that one or both Defendants acted maliciously or wantonly in violating Plaintiff's federally protected rights, you may in your discretion award punitive damages against one or both Defendants in addition to the other damages not to exceed $2,500 against each Defendant.

"Punitive damages" are awarded against a defendant for the purpose of punishing the defendant for its misconduct, or to deter one or both Defendants and others like such defendant from committing such conduct in the future.

You may only award punitive damages if you find that one or both Defendants acted maliciously or wantonly in violating Plaintiff's federally protected rights.   A violation is "malicious" if it was prompted by ill will or spite towards Plaintiff.   A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful.   A violation is "wanton" if the person committing the violation recklessly or callously disregards the plaintiff's rights.

To award punitive damages, you must find, by a preponderance of the evidence, that one or both Defendants acted maliciously or wantonly in violating Plaintiff's federal rights. However, an award of punitive damages is discretionary; that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award punitive damages.   Remember, before you can award

punitive damages, you must find that the one or both Defendants acted maliciously or wantonly in violating Plaintiff's federal rights.

Finally, should you choose to award punitive damages, the amount of the award should only be that amount which punishes one or both Defendants for harming Plaintiff.  You may not consider any harm that may have been done to any other person that is not a party to this lawsuit.